UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-730 ABC (AJWx) | Date | August 8, 2013 |
|---|---|---|---|
| Title | Boeing Co. et al. v. KB Yuzhnoye, et al. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

None   None

**Proceedings:**   ORDER DENYING the Yuzhnoye Defendants' Motion to Dismiss and/or Stay Action (In Chambers)

Pending before the Court is Defendants KB Yuzhnoye and PO Yuzhnoye Mashinostroitelny Zavod's (collectively, "Yuzhnoye") motion to dismiss for insufficient service of process, to dismiss and/or stay claims for breach of the Creation Agreement under the Colorado River doctrine, and to dismiss claims for breach of the Yuzhnoye Guarantee pursuant to the doctrine of *forum non conveniens*, filed on June 10, 2013.  (Docket No. 78.)  Plaintiffs The Boeing Company and Boeing Commercial Space Company ("BCSC") opposed the motion on July 10, 2013.  (Docket No. 101.)  Yuzhnoye replied on July 24.  (Docket No. 113.)  The Court finds this matter appropriate for resolution without oral argument and **VACATES** the August 12, 2013 hearing date.  Fed. R. Civ. P. 78; Local Rule 7-15.  For the reasons below, the motion is **DENIED**.

**BACKGROUND**[1]

Plaintiffs filed their complaint on February 1, 2013.  (Docket No. 1.)  Plaintiffs allege that they loaned a substantial amount of money to fund Sea Launch, a joint venture with three international partners from Norway (Kvaerner, now Aker), Russia (Energia), and Ukraine (Yuzhnoye), to launch commercial satellites into space.  Compl. ¶ 2.

In May 1995, the partners signed the Agreement for the Creation of Sea Launch Companies (the "Creation Agreement").  Id. ¶ 4(a), Ex. 1.  Pursuant to that agreement, BCSC owned 40% of Sea Launch, Kvaerner 20%, Energia 25%, and Yuzhnoye 15%.  Id. § 1.5.  Article 9.4.2, "Reimbursement for Guarantee," states:

> If any Party or its Affiliate provides a Guarantee to a Third Party in response to a request from a Venture Company, then all Venture Companies will be

---

[1] The Court denied the motions to dismiss of Defendants Energia and the Energia subsidiaries on June 3, 2013.  (Docket No. 74.)  Much of the background was set forth in that Order and is restated here for ease of reference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-730 ABC (AJWx) | Date | August 8, 2013 |
|---|---|---|---|
| Title | Boeing Co. et al. v. KB Yuzhnoye, et al. | | |

        obligated to reimburse the Guarantor for any money that the Guarantor has to pay to the Third Party.  If the Venture Companies fail to reimburse the Guarantor in full within thirty days of receipt of an invoice from the Guarantor, then each Party agrees to pay the Guarantor a percent of the amount paid to the Third Party (after subtracting money paid by the Venture Companies to the Guarantor) equal to the percent ownership identified for that Party in the Venture Companies in Article 1.5.

Compl. ¶¶ 70-71.  At the request of Sea Launch, Boeing guaranteed almost $450 million in third party loans.  Id. ¶¶ 72-75.  The guarantees were made with the full knowledge and agreement of the partners, who agreed to reimburse Boeing for their share of the obligations if Boeing was required to pay on the guarantees.  Id. ¶¶ 76-77.

        In February 1996, BCSC agreed to loan $183 million directly to Sea Launch on the condition that Yuzhnoye and Energia guarantee repayment equal to their percentage ownership if Sea Launch defaulted.  Id. ¶¶ 92-95, Ex. 15.  These guarantees are referred to as the "Yuzhnoye Guarantee" and the "Energia Guarantee."  Id.  An amendment to the loan was made in 1997, formally signed in 1998, to increase the amount borrowed by $1 million. (Docket No. 46, Declaration of Hans Petter Hoegh ¶ 4, Ex. A.)  In addition, interest has accrued on the BCSC loan.  Compl. ¶ 98.

        In June 2009, Sea Launch filed for bankruptcy.  Id. ¶ 66.  The filing was an event of default, and the banks who had loaned Sea Launch money called on Boeing's guarantees.  Id. ¶¶ 78-80.  Boeing paid the guarantees and invoiced Yuzhnoye and Energia for their share of the almost $450 million payment pursuant to the Creation Agreement.  Id. ¶¶ 83-84.  They have refused to reimburse Boeing.  Id. ¶¶ 85-86.  Plaintiffs commenced an arbitration proceeding against Yuzhnoye and Energia in Sweden, seeking to recover the amounts owed under the Creation Agreement.  Id. ¶ 87.  The Swedish arbitration tribunal determined that it lacked jurisdiction over the matter, and Plaintiffs' appeal of that decision is pending.  Id. ¶¶ 88-89.

        BCSC also sought reimbursement under the loan agreement.  As of Sea Launch's bankruptcy filing, a total of over $500 million was owed to BCSC under the loan agreement, and Yuzhnoye and Energia have failed to pay their percentage of the amount owed, which exceeds $200 million.  Id. ¶¶ 99-101.

        Based on these allegations, Plaintiffs assert four causes of action for (1) Breach of Contract - Creation Agreement against Yuzhnoye; (2) Breach of Contract - Creation Agreement against Energia and Energia Subsidiaries; (3) Breach of Contract - Guarantee Agreement against Yuzhnoye; and (4) Breach of Contract - Guarantee Agreement against Energia and Energia Subsidiaries.  As the Court previously denied the Energia Defendants' motions to dismiss, the pending motion only implicates the first and third causes of action against Yuzhnoye.

        Yuzhnoye concedes that, like Energia, it seeks dismissal pursuant to the Colorado River doctrine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-730 ABC (AJWx) | Date | August 8, 2013 |
|---|---|---|---|
| Title | Boeing Co. et al. v. KB Yuzhnoye, et al. | | |

and the doctrine of <u>forum non conveniens</u>.  (Reply at 1.)  It argues, however, that its motion adds a new ground for dismissal based on insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).  <u>Id.</u>  The Court begins by addressing the service of process argument, then reiterates its rulings as the <u>Colorado River</u> doctrine and *forum non conveniens*.

**DISCUSSION**

    A.    **Service of the Summons and Complaint Was Sufficient**

Yuzhnoye contends Plaintiffs' claims should be dismissed because BCSC's service arrangement in the Yuzhnoye Guarantee was not a "special arrangement" under the FSIA and, in any event, Boeing was not a party to the Yuzhnoye Guarantee and did not properly serve Yuzhnoye pursuant to the Hague Convention.  (Mem. at 7.)  On February 6, 2013, Plaintiffs sent a copy of the Summons and Complaint to each of the Yuzhnoye Defendants at their addresses in Ukraine by United States Postal Service Registered First Class Mail, Return Receipt Requested.  (Opp. at 20; Docket Nos. 22, 23.)  Yuzhnoye concedes it received this service by March 20, 2013.  (Declaration of Denys Vyedyenyeyev ¶ 9; Declaration of Dmitry Nikon ¶ 17.)  The Court finds that service of process was sufficient.

Pursuant to Section 1608(b) of the Foreign Sovereign Immunities Act ("FSIA"), service of process upon an agency or instrumentality of a foreign state shall be made:

> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents . . .

28 U.S.C. § 1608(b).

Section 11(e) of the Yuzhnoye Guarantee states, "The Guarantor [Yuzhnoye] hereby waives personal service of process and consents that service of process upon it may be made by certified or registered mail, return receipt requested, at its address specified or determined in accordance with the provisions of Section 11(a), and service so made shall be deemed completed on the fifth Business Day after such service is deposited in the mail."  (Compl. ¶ 1, Ex. 2.)  But Yuzhnoye argues that section is still not enough to constitute a "special arrangement" under the FSIA because other methods of service may be used.  (Mem. at 8.)  Yuzhnoye further argues that, even if there was a special arrangement, it never agreed to allow Boeing, a non-party to the Yuzhnoye Guarantee, to utilize it.  On these bases, Yuzhnoye contends the Complaint should be dismissed for insufficient service of process.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-730 ABC (AJWx) | | Date | August 8, 2013 |
|---|---|---|---|---|
| Title | Boeing Co. et al. v. KB Yuzhnoye, et al. | | | |

Plaintiffs respond that Yuzhnoye was served in accordance with the FSIA because Section 11(e) of the Yuzhnoye Guarantee is clearly and unambiguously the type of "special arrangement" contemplated by 28 U.S.C. § 1608(b)(1). (Opp. at 19.) The parties do not dispute that the Yuzhnoye Defendants received copies of the Summons and Complaint via registered mail, return receipt requested, and had over 60 days to respond to the Complaint. (Opp. at 18; Vyedyenyeyev Decl. ¶ 9; Nikon Decl. ¶ 17.) Plaintiffs contend that the Yuzhnoye Defendants are only raising improper service because they seek to further delay payments owed to Plaintiffs by forcing Plaintiffs to serve them again via the Hague Convention. (Opp. at 18.) Plaintiffs also point out that the fact that Section 11(e) also permits service by other methods does not negate the validity of the parties' agreement that "service may be made by . . . registered mail, return receipt requested." (Opp. at 21.)

Yuzhnoye's attempt to draw analogies between Copelco Capital, Inc. v. Gen. Consul of Bolivia, 940 F.Supp. 92 (S.D.N.Y. 1996) and this case is misplaced. Copelco involved an agreement that included a special arrangement for service by mail, return receipt requested in "the courts of the state of New Jersey." Id. at 95. Because the action was brought in New York, the court held service by mail was not proper. Id. Yuzhnoye relies on Copelco for the proposition that it never consented to service by certified mail in actions brought by Boeing just as the Copelco defendant never consented to service by mail of an action filed in New York. (Reply at 4.) The straightforward result in Copelco has little bearing on this case, which involves multiple plaintiffs and the issue of whether a special arrangement with one can govern service for both.

The Court finds that Section 11(e) of the Yuzhnoye Guarantee, which includes a waiver of personal service coupled with a consent to service by mail, is exactly the type of "special arrangement" contemplated by 28 U.S.C. § 1608(b). The Court agrees with Plaintiffs that service of process is not plaintiff- or claim-specific. Once service has been made under Section 1608, personal jurisdiction exists "as to every claim for relief over which the district courts have [subject matter] jurisdiction . . ." 28 U.S.C. § 1330(b). Nothing in the Federal Rules of Civil Procedure requires a Complaint to be served multiple times by each plaintiff. Indeed, many problems would arise if multiple plaintiffs were required to serve the same defendant more than once, including the calculation of response deadlines triggered by service of process. See 28 U.S.C. §1608(d) ("a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section"). Yuzhnoye does not dispute that it received service of the Summons and Complaint, which suggests that its insistence on service via the Hague Convention is being advanced to further a strategy of delay in this case.

Moreover, the Court is not at all convinced by Yuzhnoye's argument that Boeing should have brought its claims separately from BCSC, especially given that Yuzhnoye has not challenged the joinder of the parties or claims in this action. (Opp. at 21 n.14, 24.) Contrary to Yuzhnoye's hyperbole, Boeing is not "any party" simply joining in a lawsuit filed by BCSC despite lacking a claim or connection to BCSC or Sea Launch. (Reply at 3, 6 [Yuzhnoye's concerns regarding setting "dangerous precedent" if court allows "any plaintiff (*e.g.*, Boeing), in concert with any other plaintiff (*e.g.*, BCSC) to commence an action against a foreign sovereign's agency or instrumentality without regard to compliance with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-730 ABC (AJWx) | | Date | August 8, 2013 |
|---|---|---|---|---|
| Title | Boeing Co. et al. v. KB Yuzhnoye, et al. | | | |

service requirements of the FSIA"].) Yuzhnoye's fears are unfounded. In this case, for Boeing to have brought its claims separately would have multiplied the proceedings and may have even resulted in unnecessary motions to consolidate.

Accordingly, the Court finds service of the Summons and Complaint on Yuzhnoye was proper under the Yuzhnoye Guarantee and the FSIA.

**B.     The Creation Agreement: Neither the Colorado River Doctrine Nor Landis Favors a Stay Pending the Decision on the Swedish Appeal**

Like the Energia defendants, Yuzhnoye urges the Court to dismiss or stay the Creation Agreement claims in this case pending resolution of the arbitration in Sweden. (Mem. at 9.) Yuzhnoye takes issue with the Court's order denying Energia's motion to dismiss or stay on the same grounds, pointing to a 2008 law review article and a 2007 case from the Eastern District of Michigan as authority for applying the Colorado River doctrine to foreign arbitrations. (Docket No. 74 at 6.) Plaintiffs adequately respond to this argument (Opp. at 14, n.8), and the Court declines to alter its ruling here.[2]

Yuzhnoye then cites general case law regarding the Federal Arbitration Act and "national policy favoring arbitration" that it claims was not raised by Energia. (Mem. at 9-11; Reply at 11.) The general preference for arbitration does not convince the Court to rule differently on Yuzhnoye's motion. It is quite clear that Yuzhnoye and Plaintiffs have vastly different views of the progression of the Swedish arbitration. Yuzhnoye claims that the arbitration proceeding is "actively ongoing," "well developed," and to allow this claim to proceed "would result in piecemeal litigation, duplication of effort, and the possibility of inconsistent outcomes[.]" (Mem. at 12.) Plaintiffs, on the other hand, claim that the Swedish Arbitration has dealt with purely jurisdictional issues thus far, culminating in the arbitrator's decision (now on appeal) that he did not have jurisdiction to hear this action. (Opp. at 15-16.)

For the same reasons as set forth in its order denying Energia's motion to dismiss, the Court finds neither the Colorado River doctrine nor Landis favors a stay pending the decision on the Swedish appeal. To summarize, if Plaintiffs are unsuccessful on their appeal of the Swedish arbitration, they will have no pending action and an even greater delay before reaching a decision on the merits. Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) ("A stay should not be granted 'unless it appears likely the other proceedings will be concluded within a reasonable time.'") (citation omitted). Even were the Swedish arbitration to proceed, it would only resolve the breach of contract claims under the Creation Agreement, not the Partner Guarantees. (Opp. at 16-17.) Under those circumstances, a stay would not further judicial economy. Finally, as with Energia, the Court is persuaded that Yuzhnoye is estopped from seeking a stay given the position it has taken in the Swedish arbitration — that the arbitrator does not have jurisdiction to hear Boeing's claims.

---

[2] In its motion, Yuzhnoye attacks various other portions of the Court's ruling on Energia's motion to dismiss and appears to "reply" to arguments raised in Plaintiffs' opposition to Energia's motion. (Mem. at 15-16.) The Court will not reconsider its ruling as to Energia here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-730 ABC (AJWx) | Date | August 8, 2013 |
|---|---|---|---|
| Title | Boeing Co. et al. v. KB Yuzhnoye, et al. | | |

**C.    The Guarantee Agreement: A Dismissal or Stay for *Forum Non Conveniens* Is Not Warranted**

Yuzhnoye's *forum non conveniens* arguments as to the Guarantee agreement rehash the arguments made by Energia.  For the same reasons as stated in the Court's June 3 Order denying Energia's motion to dismiss, the Court rejects Yuzhnoye's *forum non conveniens* arguments.

In determining whether to dismiss or stay an action on *forum non conveniens* grounds, the Court considers (1) whether there is an adequate alternative forum and (2) whether the balance of private and public interest factors favors dismissal.  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 (1981).  "The plaintiff's choice of forum will not be disturbed unless the 'private interest' and 'public interest' factors strongly favor trial in the foreign country."  Dole Food Co. v. Watts, 303 F.3d 1104, 1118 (9th Cir. 2002); see also Carijano v. Occidental Petroleum Corp., 643 F.3d 1216, 1234 (9th Cir. 2011) (plaintiff's choice of forum will not be disturbed absent "oppress[ion] and vexation to a defendant" that is "out of all proportion to plaintiff's convenience").  "*Forum non conveniens* is 'an exceptional tool to be employed sparingly . . . .'" Dole, 303 F.3d at 1118 (citation omitted).

Like Energia, Yuzhnoye proposes the United Kingdom as an alternative forum based on the identical provision in the Yuzhnoye Guarantee, which states, "Any judicial proceeding brought against [Yuzhnoye] under this Agreement *may* be brought in any court of competent jurisdiction in the United Kingdom . . . ."  Compare Compl. ¶ 4(b), Ex. 3 § 11(e) (Energia Guarantee) with Compl. ¶ 4(b), Ex. 2 § 11(e) (Yuzhnoye Guarantee), emphasis added.  (Mem. at 17.)  Further on, it states, "Any judicial proceeding by [Yuzhnoye] against BCSC *shall* be brought only in a court in the United Kingdom."  Id., emphasis added.  By its terms, this first provision is permissive; it does not require BCSC to bring its claims against Yuzhnoye in the United Kingdom.  Yuzhnoye then argues, without any authority, that the application of United Kingdom law "evidences an intent" that the United Kingdom is "the parties' preferred forum."  (Mem. at 17.)  The plain language of the agreement clearly shows that this is not the case.  The Yuzhnoye Guarantee does not require BCSC to bring its claim in the United Kingdom.

Yuzhnoye's best argument is that the language of the Yuzhnoye Guarantee may be read to bar it "from pursuing counterclaims in this Court," thus requiring counterclaims to be brought in the United Kingdom.  (Mem. at 17-18.)  Plaintiffs do not represent that they will not oppose Yuzhnoye's litigation of its counterclaims (Reply at 9), in fact stating that the counterclaims are "likely barred."  (Opp. at 10, n. 4.)  The issue of whether "[a]ny judicial proceeding" includes counterclaims has not been fully briefed, although the Court believes the parties should reach a resolution on this issue in light of the inherent inefficiencies of litigating Plaintiffs' claims in the United States and Yuzhnoye's counterclaims in the United Kingdom.

For the same reasons as in its June 3 Order, the Court finds that the private and public interest factors do not favor the United Kingdom.  (Docket No. 74 at 4-5.)  In particular, the Court rejects Yuzhnoye's argument that the case should be brought in the United Kingdom, which is closer to Ukraine (although the countries are more than 1000 miles apart) than the United States, because the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-730 ABC (AJWx) | Date | August 8, 2013 |
|---|---|---|---|
| Title | Boeing Co. et al. v. KB Yuzhnoye, et al. | | |

"breach" (Yuzhnoye's refusal to pay) occurred in Ukraine. (Mem. at 19-20.) Where Yuzhnoye refused to pay is not enough to overcome the facts that Sea Launch is based in California and no party, document, or witness is located in the United Kingdom. Although the Court notes that Plaintiffs are somewhat inconsistent on the location of witnesses (first arguing that the case can be decided from the documents, then arguing that the necessary witnesses live in the western United States and that their testimony could be compelled more easily in this Court than the United Kingdom), it cannot say that Plaintiffs' choice of forum rises to the level of "oppressiveness or vexation" to Yuzhnoye that is "out of all proportion to plaintiff[s'] convenience." Carijano, 643 F.3d at 1234.

For the foregoing reasons, the Court declines to dismiss or stay this action on *forum non conveniens* grounds.[3]

**CONCLUSION**

Accordingly, the Yuzhnoye Defendants' motion to dismiss and/or stay action is **DENIED**.

**IT IS SO ORDERED.**

: 

Initials of Preparer        AB

---

[3] In light of the Court's ruling, the Court finds Plaintiffs' and Yuzhnoye's evidentiary objections (Docket Nos. 104, 114) **MOOT**. To the extent the objections conflict with this Order, they are overruled.