Sasha K. Danna (SBN 244462)
sasha.danna@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Michael B. Slade *(Admitted Pro Hac Vice)*
michael.slade@kirkland.com
Christopher Esbrook *(Admitted Pro Hac Vice)*
christopher.esbrook@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOEING COMPANY, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>KB YUZHNOYE, *et al.*,<br><br>Defendants. | CASE NO. CV13-00730-ABC (AJWx)<br><br>[Assigned to the Hon. Audrey B. Collins]<br><br>**THIRD DECLARATION OF FREDRIK FORSSMAN IN SUPPORT OF THE BOEING COMPANY AND BOEING COMMERCIAL SPACE COMPANY'S MOTION TO DISMISS ENERGIA'S COUNTERCLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3) AND 12(B)(6)**<br><br>Complaint Filed: February 1, 2013<br><br>Hearing: December 9, 2013<br>Time: 10:00 a.m.<br>Courtroom: 680 |

I, Fredrik Forssman, declare as follows:

1. I am a partner of the Swedish law firm G Grönberg Advokatbyrå, and member of the firm's dispute resolution practice group. The statements made in this declaration are made on my personal knowledge and, if called as a witness, I could and would testify to the matters described herein.

2. I received my LL.M. from Stockholm University in 1996. I served as a law clerk at the District Court of Solna in Sweden, from 1996 to 1998. I joined G Grönberg Advokatbyrå as an associate in 1998, and became a partner of the firm in 2006. I was admitted to the Swedish Bar Association in 2003. Since 2001, I have been a lecturer of Procedural Law at the Stockholm University.

3. In my practice, I frequently represent clients in domestic commercial litigation, where the claims are adjudicated in accordance with Swedish law. I also represent clients, and act as arbitrator, in domestic and international arbitrations involving the application of Swedish law to a range of business disputes, including disputes among business partners.

4. From my studies as a law student, my experience as a law clerk, and the 15 years I have been practicing law in Sweden, I am very familiar with the types of claims that are available under Swedish law in the context of commercial and business litigation, including claims that may be asserted by one partner against another partner relating to the affairs of a business partnership. I am also very familiar with the limitations periods that govern such claims, as well as the laws and legal principles which determine when such claims accrue for purpose of triggering the applicable statute of limitations, and the circumstances under which a statute of limitations may be tolled.

5. I represented The Boeing Company ("Boeing") and Boeing Commercial Space Company ("BCSC") in the Swedish arbitration together with my colleague Lars Edlund. (Lars Edlund has since left the firm after having been appointed Justice of the

Swedish Supreme Court). I represent Boeing and BCSC also in the ongoing Swedish Appeal Proceedings, in which Boeing and BCSC are appealing the arbitrator's decision to dismiss the Swedish arbitration for lack of jurisdiction and to award costs against Boeing and BCSC.

6. I have reviewed Boeing and BCSC's Complaint, including exhibits, in the action pending in the United States District Court for the Central District of California (the "California Complaint"). I have also reviewed S.P. Korolev Rocket and Space Corporation, Energia's ("Energia") Answer to the California Complaint and Counterclaims, and Energia's Amended Answer to the California Complaint and Counterclaims (the "Counterclaims"). I have also reviewed the Answer of Energia Overseas LLC and Energia Logistics LTD to the California Complaint as well as their first and second amended answers (the "Subsidiary Answers").

**Statute of Limitations Under Swedish Law, In General—10 Years**

7. Under Section 2 of the Swedish Limitations Act, a civil claim for damages is subject to a ten (10)-year statute of limitations, unless otherwise provided by Swedish law. *See* Danna Declaration, Ex. 3, § 2. Accordingly, unless Swedish law provides otherwise, an action asserting a civil claim for damages must be commenced within ten (10) years of the date the claim accrued (or within ten (10) years of the date when a new limitations period started in accordance with Paragraph 9 below). If such a claim is not asserted within this time frame, it is time-barred.

8. According to Swedish law, a civil claim for damages generally accrues when the act or omission causing the damage occurs. If the claim is based on a series of acts or omissions occurring over a period of time, the claim accrues on the last day when any act preventing the damage could have been taken. Thus, such claims accrue, at the latest, by the date on which the plaintiff suffered damages as a result of the acts or omissions that form the basis of the plaintiff's claim.

9. Under the Swedish Limitations Act, there are only three circumstances

under which the limitations period for a civil claim for damages may be tolled. Specifically, under Section 5 of the Swedish Limitations Act, the limitations period may be tolled if and when: (1) the defendant has acknowledged the debt or liability that is the subject of the claim; (2) the defendant receives a demand for payment in writing or a reminder in writing of the debt or liability that is the subject of the claim; or (3) when the plaintiff commences legal proceedings asserting a claim for the recovery of the debt or liability. *See* Danna Decl., Ex. 3, § 5. Apart from these three circumstances, it is likely that the limitations period could also be prolonged through an agreement by the parties to toll the statute of limitations.

10. If the limitations period has been tolled through acknowledgement or a demand or reminder in writing according to scenarios (1) or (2) above, a new limitations period of ten (10) years begins to run from the date of the tolling, according to Section 6 of the Swedish Limitations Act. *See* Danna Decl., Ex. 3, § 6. Similarly, if the limitations period is tolled through the commencement of legal proceedings according to scenario (3) above, a new limitations period of ten (10) years begins to run from the date when a judgment is rendered or the legal proceedings are ended in another way. *See* Danna Decl., Ex. 3, § 7.

11. Except for in the specific instances set forth above, Swedish law does not provide for the tolling of any statute of limitations. Notably, Swedish law does not provide for the tolling of any limitations period based on a plaintiff's failure or inability to discover the circumstances giving rise to a claim—regardless of whether such failure or inability is the result of the defendant's misconduct, the plaintiff's own neglect, or otherwise.

**Statute of Limitations Under Swedish Law For Claims For Damages Asserted By One Partner Against Another Partner—3 Years**

12. As indicated in Paragraph 7 above, the ten-year statute of limitations set forth in Section 2 of the Swedish Limitations Act, does not apply to all civil claims for

damages. On the contrary, for certain categories of claims, the Swedish legislature has specified limitation periods that are different from, and in some cases, much shorter than 10 years. Moreover, for some of these categories of claims, the Swedish legislature has also promulgated specific rules for the tolling of the limitations period, that are different from those set forth in Section 5 of the Swedish Limitations Act, discussed in Paragraph 9 above. Notably, certain specific statutes of limitation may only be tolled through the commencement of legal proceedings, and not otherwise.

13. In particular, the ten-year statute of limitations set forth in Section 2 of the Swedish Limitations Act does not apply to any civil claim for damages asserted by one partner against another partner that relates to the affairs of a business partnership between those parties. For example, the ten-year statute of limitations does not apply to claims for damages by one partner based on the alleged breach by another partner of a duty arising from a partnership relationship. Instead, such claims are governed by a ***three-year statute of limitations*** that can only be tolled through the commencement of legal proceedings. *See* Danna Decl., Ex. 2, Ch. 4 § 4, Ex. 3, § 7. The three scenarios for tolling the limitations period described in Paragraph 10 above, do not apply to civil claims for damages asserted by one partner against another partner in relation to the affairs of a partnership.

14. Specifically, under Chapter 4, Section 4 of the Swedish Partnership and Non-registered Partnership Act, any legal proceedings concerning a claim for damages asserted by one partner against another partner that relates to the affairs of a business partnership, must be commenced within three (3) years from the end of the calendar year when the act(s) or omission(s) causing the damage occurred. *See* Danna Decl., Ex. 2, Ch. 4 § 4.

15. The accrual of a civil claim for damages asserted by one partner against another partner in relation to the affairs of a partnership is determined in accordance with the rules described in Paragraph 8, above. However, as described in Paragraph

14 above, when a civil claim for damages is asserted by one partner against another partner in relation to the affairs of a partnership, the limitations period does not begin to run on the date the claim accrued. Instead, the limitations period begins to run on December 31 of the calendar year in which the claim accrued according to the rules set forth in Paragraph 14 above. *See* Danna Decl., Ex. 2, Ch. 4 § 4. If an action on such claim is not commenced within three (3) years of such date, the claim is time-barred. *See* Danna Decl., Ex. 2, Ch. 4 § 4. As discussed in Paragraph 13 above, this three-year limitations period can only be tolled through the commencement of legal proceedings, and not otherwise. Moreover, as discussed in Paragraph 11 above, when it comes to civil claims for damages arising out of a partnership relationship, there is no exception to, or tolling of, this three-year limitations period based on a plaintiff-partner's failure or inability to discover the circumstances giving rise to the claim against the defendant-partner. Regardless of when, or even whether, the plaintiff-partner discovered the circumstances giving rise to the claim against the defendant-partner, the statute of limitations runs, and continues to run, from December 31 of the calendar year in which the acts or omissions causing the damage occurred. *See* Danna Decl., Ex. 2, Ch. 4 § 4.

**Energia's Claims Based on Alleged Acts Or Omissions That Occurred Before December 31, 2009 Are Time-Barred**

16. In its Counterclaims, Energia asserts four purported claims for relief. First, Energia asserts a counterclaim against BCSC denominated "Breach of Fiduciary Duty." Second, Energia asserts a counterclaim against BCSC and Boeing denominated "Fraud and Intentional Deceit." Third, Energia asserts a counterclaim against BCSC and Boeing denominated "Accounting." Fourth, Energia asserts a counterclaim against Boeing and BCSC denominated "Enforcement of a Foreign Arbitral Award."

17. Under Swedish law, there is no claim that is directly equivalent to a claim

for "Breach of Fiduciary Duty." Similarly, there is also no claim under Swedish law that is directly equivalent to a claim for "Fraud and Intentional Deceit." Furthermore, there is no specific cause of action for "Accounting" under Swedish law.

18. Regardless of how they are denominated, however, according to the allegations made by Energia in the Counterclaims, Energia's claims against BCSC are claims for damages asserted by one partner (Energia) against another partner (BCSC) relating to the affairs of a business partnership (Sea Launch).

19. For example, Energia alleges that "[t]he Sea Launch entity was created by virtue of a joint venture agreement, the Creation Agreement, that was equivalent to a general partnership." Counterclaims ¶ 108. Energia further alleges that, "[a]s the managing partner of the Sea Launch venture . . . BCSC owed a direct fiduciary duty to its partner [] Energia . . . ." Counterclaims ¶ 113. Moreover, Energia also alleges that "BCSC [] breach[ed] its fiduciary duties in conducting the business of the [Sea Launch] partnership" (Counterclaims ¶ 115), and that BCSC and Boeing failed to disclose certain transactions relating to the partnership that they purportedly had a legal duty to disclose (Counterclaims ¶¶ 131- 136). As a consequence of these alleged breaches, Energia seeks to recover $430 in damages. Counterclaims ¶¶ 120, 139 Prayer for Relief ¶ 1. Energia also seeks an "accounting between BCSC and Boeing, on the one hand and [] Energia, on the other hand." (Counterclaims, Prayer for Relief, Claim Three ¶¶ 1-2.) Furthermore, Energia seeks "recognition and enforcement" of the Swedish Arbitration award between the parties for € 467,000. (Counterclaims, Prayer for Relief, Claim Four ¶ 1.) Energia's Counterclaims are thus based on the assertion that a business partnership is at hand.

20. As such, to the extent Swedish law applies, Energia's claims are not governed by the ten-year limitations period set forth in Section 2 of the Swedish Limitations Act. Instead, they are governed by the 3-year statute of limitations set forth in Chapter 4, Section 4 of the Swedish Partnership and Non-registered

Partnership Act, which applies to any claim for damages asserted by one partner (Energia) against another partner (BCSC) in relation to the affairs of a business partnership (Sea Launch).

21. Applying this statute of limitations, Energia was required to commence legal proceedings concerning each of its counterclaims within three years of the end of the calendar year in which the alleged acts and omissions occurred. I have been informed that, according to the file-stamped version of Energia's original Answer to the California Complaint and Counterclaims, Energia asserted its counterclaims, at the earliest, on July 8, 2013. Therefore, under Swedish law, Energia's counterclaims are all time-barred to the extent they are based on alleged acts and omissions that occurred before December 31, 2009.

22. In addition, I have observed from the Counterclaims that Energia seeks punitive damages for its "breach of fiduciary duty" and "fraud and intentional deceit" claims. Counterclaims ¶ 121, 140, Prayer for Relief, Claims I and II ¶ 2. Under Swedish law, however, punitive damages are not available in a civil action for damages.

**The Swedish Arbitral Award Is On Appeal And Has Not Gained Legal Force**

23. I have observed that, for its fourth claim, Energia asks the Court to recognize the Swedish arbitral award and order Boeing and BCSC to pay costs associated with the award. The Swedish arbitral award is still the subject of open appeal and challenge proceedings before Swedish courts and thus the award has not gained legal force. (See sections 34 and 36 of the Swedish Arbitration Act)

24. I also note that in its Fifth Affirmative Defense, Energia states that the Swedish arbitral award has *res judicata* or *collateral estoppel* effect. This is incorrect. In the Swedish arbitral award, Boeing's and BCSC's claims have been dismissed without prejudice due to lack of jurisdiction. The arbitrator did not decide any of the merits of the issues raised in the arbitration, and thus the arbitration award has no *res*

*judicata* effect. Moreover, the Swedish arbitral award is currently on appeal and thus is not a final decision and does not have legal force.[1]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of October, 2013, in Stockholm, Sweden.

Fredrik Forssman

---

[1] I also note that many of the other statements about Swedish law alleged in the Counterclaims and the Subsidiary Answers are demonstrably incorrect, but are not directly at issue in Plaintiffs' Motion to Dismiss Energia's Counterclaims. Those incorrect statements will be addressed at a later stage of the proceedings, as appropriate, and I mention this here only to ensure that my silence in this declaration concerning the other allegations of Swedish law in the Counterclaims and Subsidiary Answers is not mistakenly taken for agreement.