UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-730 ABC (AJWx) | Date | December 19, 2013 |
|---|---|---|---|
| Title | Boeing Co. et al. v. KB Yuzhnoye, et al. | | |

| Present: The Honorable | Audrey B. Collins , United States District Judge | | |
|---|---|---|---|
| Angela Bridges | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None Present | | None Present | |

**Proceedings:** ORDER **DENYING** MOTIONS TO STRIKE
(In Chambers)

    Pending before the Court are three Motions to Strike Affirmative Defenses: Old Kvaerner Invest AS ("Kvaerner") moves to strike the affirmative defenses of Energia Overseas LLC and Energia Logistics Ltd. ("Energia Overseas") (docket no. 168); and the Boeing Company ("Boeing") and Boeing Commercial Space Company ("BCSC") move to dismiss the affirmative defenses of S.P. Korolev Rocket and Space Corporation RSC Energia, RSC Energia d/b/a Rocket and Space Corporation RSC Energia After S.P. Korolev ("RSC Energia") (docket no. 161) and KB Yuzhnoye and PO Yuzhnoye Mashinostroitelny Zavod ("Yuzhnoye") (docket no. 163). Docket nos. 161 and 168 were already taken under submission, and the Court now **VACATES** the December 23, 2013 hearing set for docket 163. For the following reasons, the Court **DENIES** the Motions.

**DISCUSSION**

    The movants ask the Court to strike many of the Defendants' numerous affirmative defenses on various grounds. The Motions present many of the same arguments, as do the oppositions and replies.

    "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may do so "on its own" or "on motion made by a party . . . before responding to the pleading." Id. The parties' briefing reflects that courts have different approaches to ruling on motions to strike. Some courts in this District and others have applied the plausibility standard of Bell Atl. Corp. v. Twombly, 550 U.S. 544, (2007) to affirmative defenses. See Vogel v. Huntington Oaks Del. Partners, LLC, 2013 WL 3337803, at *2-3 (C.D. Cal. July 2, 2013). Other courts have held that affirmative defenses need only be pled so as to give the plaintiff fair notice of the defenses. See Figueroa v. Marshalls of CA, LLC, CV11-06813-RGK SPX, 2012 WL 1424400 * 1 (C.D. Cal. Apr. 23, 2012); see also Pickern v. Chico Steakhouse, LP, 12-CV-02586-TLN-CMK, 2013 WL 4051640 (E.D. Cal. Aug. 8, 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-730 ABC (AJWx) | Date | December 19, 2013 |
|---|---|---|---|
| Title | Boeing Co. et al. v. KB Yuzhnoye, et al. | | |

For the reasons ably set forth in Pickern, this Court finds that affirmative defenses are not subject to the Twombly "factual plausibility" standard, but instead may be pled under the less stringent "fair notice" standard.

Furthermore, motions to strike are disfavored because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic. See California Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (so noting and discussing cases). In addition, court resources are public resources, and court resources are limited. Whether such limited public resources should be expended on the piecemeal and laborious adjudication of affirmative defenses that are, by the movant's own analysis, inconsequential is questionable. Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir.1993).

In light of the foregoing, and upon review of the Defendants' Answers, the Court rules as follows:

• To the extent the Motions argue that some putative affirmative defenses (such as failure to state a claim) are not affirmative defenses and thus should not be plead in an Answer, the Court **DENIES** the Motions. Litigants should not impose such inconsequential matters on the Court's time.

• To the extent the Motions argue that some affirmative defenses are not available (because, for example, they were waived or are not legally sound), the Court **DENIES** the Motions. If some affirmative defenses are not available or do not hold up through the litigation, the Court expects, consistent with good litigation practice and as reflected in nearly every case that it has presided over, that the Defendants will not, in fact, pursue those defenses in the first place or will drop them in due course.

• To the extent the Motions argue that some affirmative defenses are not properly pled, the Court **DENIES** the Motions because the Answers satisfy the fair notice pleading standard.

For the foregoing reasons, the Motions to Strike are **DENIED IN THEIR ENTIRETY**.

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| Initials of Preparer | | ljw for AB | |