# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE BOEING COMPANY and BOEING COMMERCIAL SPACE COMPANY,**<br><br>    **Plaintiffs,**<br><br>    **vs.**<br><br>**KB YUZHNOYE and PO YUZHNOYE MASHINOSTROITELNY ZAVOD,**<br>    **Defendants.** | **Case No. CV 13-00730-AB (AJWx)**<br><br>**ORDER DENYING YUZHNOYE'S MOTION TO ALTER JUDGMENT (DKT. NO. 989) AND BOEING'S MOTION TO REGISTER THE JUDGMENT (DKT. NO. 971), AND GRANTING IN PART BOEING'S MOTION FOR COSTS AND ATTORNEYS' FEES (DKT. NO. 966)** |

Pending before the Court are Plaintiffs The Boeing Company and Boeing Commercial Space Company's (collectively "Boeing") Motion for Costs and Attorneys' Fees, Dkt. No. 966, Motion to Register the Judgment, Dkt. No. 971, and Defendants KB Yuzhnoye and PO Yuzhnoye Mashinostroitelny Zavod's (collectively "Yuzhnoye") Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e), Dkt. Nos. 989, 993.

## I. BACKGROUND

The Court assumes the parties are familiar with the background of this case and summarizes the facts only as necessary to understand the pending motions. The facts are drawn from the Court's prior orders and are not disputed for the purposes of these motions. Dkt. Nos. 650, 962. Sea Launch Co. LLC ("Sea Launch") was a joint venture between Boeing, Old Kvaerner Invest AS ("Kvaerner"), S.P. Korolev Rocket and Space Corporation, Energia D/B/A Rocket and Space Corporation Energia After S.P. ("Energia"), and Yuzhnoye, a Ukrainian government entity, to launch commercial satellites into space from a sea-based platform. Following Sea Launch's bankruptcy, disputes among the four entities and their affiliates resulted in litigation, including the instant lawsuit. This lawsuit was brought by Boeing against Energia and Yuzhnoye for the breach of two agreements, the Creation Agreement, Compl. Ex. 1, Dkt. No. 1–2, and the Guaranty and Security Agreement, Compl. Exs. 2, 3. Dkt. No. 1–3, 4. The Creation Agreement created Sea Launch and obligated each party to pay the debts of Sea Launch according to its ownership stake. During its operations Sea Launch discovered it needed additional funding and sought loans from private banks. Sea Launch obtained loans from private banks, but the banks required that Boeing and Kvaerner guarantee the loans. Boeing and Kvaerner agreed to do so after Energia and Yuzhnoye signed the Guaranty and Security Agreements. Sea Launch later went into bankruptcy and defaulted on the loans, which were then repaid by Boeing pursuant to its guarantees.

Boeing initially attempted to recover the amounts it was owed from Energia and Yuzhnoye (collectively "Defendants") through arbitration in Sweden pursuant to the arbitration provision in the Creation Agreement. After that arbitration was dismissed for lack of jurisdiction Boeing filed this case against Energia and Yuzhnoye seeking repayment under the

Creation Agreement and the Guaranty and Security Agreement. *See* Compl. The parties engaged in substantial motion practice in this Court which resulted in the Court granting summary judgment to Boeing on its breach of contract claims against Energia and Yuzhnoye, Order Granting Pls.' Mot. for Summary J., Dkt. No. 750, a bench trial finding Energia's subsidiaries were liable as alter ego corporations, Court's Findings of Fact and Conclusions of Law, Dkt. Nos. 961, 962, and the Judgment detailing how much Energia and Yuzhnoye each owe for violating their guarantees under both the Creation Agreement and the Guaranty and Security Agreement, Judgment, Dkt. No. 960. After the briefing was completed on these motions Boeing settled with Energia, leaving Yuzhnoye as the only remaining defendant. Dkt. No. 1059.

**II. DISCUSSION**

Before the Court are three motions, Boeing's Motion for Costs and Attorneys' Fees, Boeing's Motion to Register the Judgment, and Yuzhnoye's Joinder in Energia's Motion to Alter or Amend the Judgment. The Court will address each motion in turn.

**A. Boeing's Motion for Costs and Attorneys' Fees**

Boeing filed a Motion for Costs and Attorneys' Fees in its breach of contract case against Energia and Yuzhnoye. Pls.' Mot. for Attorneys' Fees, Dkt. Nos. 966, 967, 976 (collectively "Fees Motion"). Energia opposed, Dkt. No. 986 ("Fees Opposition"), Yuzhnoye joined in opposition, Dkt. No. 987, and Boeing replied, Dkt. Nos. 1000, 1001 ("Fees Reply").

Boeing asserted that it was entitled to $9,686,251.06 in attorneys' fees for Defendants' breach of the Guaranty and Security Agreement, and the Creation Agreement. The Guaranty and Security Agreement has a choice of law provision which states that it is governed by English law and also contains an express attorneys' fees clause. Compl. Ex. 2, at 2. The Creation Agreement contains a choice of law provision which states that the "formation, interpretation, and performance of this Agreement shall be governed by and interpreted in accordance with the law of the Kingdom of Sweden." *See* Compl. Ex. 1, Article 13. The Creation Agreement does not contain an express attorneys' fees clause, but the Swedish Code of Judicial Procedure does require the losing party to pay the reasonable costs and attorneys'

fees of the prevailing party. RÄTTÅNGANGSBALKEN [RB] [CODE OF JUDICIAL PROCEDURE] 18:1, 8 (Swed.) ("Swedish Code of Judicial Procedure").

Defendants concede that Boeing is entitled to attorneys' fees under the Guaranty and Security Agreement, and that Boeing's request is reasonable, but argue that Boeing is not entitled to fees for their breach of the Creation Agreement because: (1) Sweden's provision for attorneys' fees is procedural and should not be applied by this Court, (2) it would be unfair to apply Sweden's laws on attorneys' fees given the differences in litigation between Sweden and the United States, and (3) Boeing did not comply with the relevant Swedish procedures for requesting attorneys' fees. Fees Opp'n at 1.

### 1. Legal Standard

Federal Rule of Civil Procedure 54(d)(2) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. Proc. 54 (d)(2). The motion must be made within fourteen days after the entry of judgment. *Id.*

### 2. Swedish Law Governs Boeing's Request for Attorneys' Fees

This case is in federal court based on federal question jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"). While for a diversity case this Court would apply California's choice of law rules, for a case arising under the FSIA this Court must apply the choice of law rules of federal common law. *Schoenberg v. Exportadora de Sal, S.A. de C.V.*, 930 F.2d 777, 782 (9th Cir. 1991). The Court of Appeals for the Ninth Circuit follows the Restatement (Second) of Conflict of Laws (1971) ("Restatement") to the extent it concludes that the Restatement is persuasive. *In re Sterba*, 852 F.3d 1175, 1179 (9th Cir. 2017), *petition for cert. filed* (U.S. Sept. 15, 2017) (No. 17-423). Federal common law will therefore determine whether this Court must apply Sweden's provisions on attorneys' fees. *Schoenberg*, 930 F.2d at 782–783.

The Ninth Circuit's rulings in *Flores v. Am. Seafoods Co.*, 335 F.3d 904, 916 (9th Cir. 2003) ("Flores"), and *APL Co. Pte. v. UK Aerosols Ltd.*, 582 F.3d 947, 951 (9th Cir. 2009) ("APL"), are instructive. In both *Flores* and *APL* the Ninth Circuit reversed the district court

and instead applied the attorneys' fees rule of the jurisdiction chosen by the parties in their contract. Importantly, the Ninth Circuit never considered whether the chosen rule is substantive, procedural, mandatory, or optional. Such questions may be relevant in other circumstances. *E.g.*, *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 974 (9th Cir. 2013) (applying Alaska's general attorneys' fees provision in a diversity case after determining it is procedural for choice of law purposes). However, if the dispute arises out of a contract with a valid choice of law provision then such distinctions are irrelevant to determining what law the Court will apply. *Chuidian v. Philippine Nat. Bank*, 976 F.2d 561, 564 (9th Cir. 1992) ("[Restatement] Section 187 sets out the rule when the parties to a contract have designated the law to govern their relationship.").[1]

*Flores* concerned an employment contract that contained an express choice of law provision selecting federal maritime law. 335 F.3d at 916. Federal maritime law does not generally provide for attorneys' fees in maritime employment contracts. However, the district court sitting in Washington applied that state's rule providing for attorneys' fees in employment contracts because the state had a strong public interest in providing for attorneys' fees in employment disputes. *Id.* at 917. Reversing the district court, the Ninth Circuit began its analysis with Restatement §187. *Id.* at 917–18. The Ninth Circuit found that §187(2) applied instead of §187(1) because the contract's choice of law provision did not specifically speak to attorneys' fees. *Id.* The Ninth Circuit held that §187(2)(a) was satisfied because the United States had a substantial relationship to the subject matter, and §187(2)(b) was satisfied because there was no evidence that Washington's interest was materially greater than that of the United States. *Id.* Because federal common law provided no reason to disturb the parties' choice of

---

[1] Restatement §187 states:
(1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
(2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
    (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
    (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

federal maritime law, and because federal maritime law did not provide for attorneys' fees for the prevailing party, the Ninth Circuit reversed the district court's grant of attorneys' fees.

Similarly, in *APL* the Ninth Circuit had to determine whether a bill of lading that incorporated Singaporean law for issues not otherwise "dealt with" allowed for attorneys' fees under Singaporean law when the substantive law governing the dispute was provided by a federal statute. *APL*, 582 F.3d at 956–58. The district court held that the plaintiff was not entitled to attorneys' fees because federal law governed the substantive dispute and did not provide for attorneys' fees under the general American rule. *Id.* at 957. Finding that the issue of attorneys' fees was not specifically addressed in the bill of lading or the substantive federal law, the Ninth Circuit reversed the district court and applied Singapore's provision on attorneys' fees because the parties had agreed that issues not otherwise dealt with would be governed by Singaporean law. *Id.* Because Singaporean law generally followed the English rule and provided fees for the prevailing party, it was therefore an error for the district court to apply the general American rule merely because a federal statute provided the substantive law. *Id.*

Following *Flores* and *APL*, the Court must apply Sweden's provision on attorneys' fees unless both of the factors in Restatement §187(2) are met. *Flores*, 335 F.3d at 918 ("To be effective, ASC's choice of federal maritime law needs to satisfy only one of the two alternative requirements under section 187(2)"). The Court finds that neither factor in Restatement §187(2) is met in this case. The choice of Swedish law was reasonable under Restatement §187(2)(a) because the Creation Agreement also contained a provision for arbitration in Sweden. Compl. Ex. 1, Article 13. In addition, the Court cannot say that the choice of Swedish law was unreasonable for a contract involving entities from the United States, Norway, Ukraine, and Russia. The parties' choice of law is particularly reasonable because the parties reasonably anticipated that they would need waivers of sovereign immunity because at least one defendant is owned by a foreign government. Restatement §187(2)(b) is similarly not implicated in this case because the Court is not aware of any jurisdiction relevant to this case that has a fundamental policy of *prohibiting* prevailing parties in a breach of contract dispute from recovering their attorneys' fees.

In conclusion, federal common law requires the Court to enforce the parties' choice of Swedish law to govern their dispute, including its provisions on attorneys' fees.

### 3. Reasonableness of Boeing's Fee Request Under Swedish Law

The Court finds that the total amount of fees requested is reasonable under Swedish law. The Swedish Code of Judicial Procedure provides that "[c]ompensation for litigation costs shall fully cover the costs of preparation for trial and presentation of the action including fees for representation and counsel, to the extent that the costs were reasonably incurred to safeguard the party's interests." Swedish Code of Judicial Procedure 18:8. Defendants argued that the Court should deny the Fees Motion because of differences in litigation between the United States and Sweden, and because Boeing failed to comply with the timing requirements for requesting attorneys' fees under the Swedish Code of Judicial Procedure.

Defendants' Swedish law expert Maria Tufvesson Shuck argued that differences in discovery, pleading, and the rates attorneys charge make it unreasonable to apply Sweden's provisions for attorneys' fees in this case. Shuck Decl. ¶¶ 12–14, Dkt. No. 986-1. However, Defendants have provided no evidence that these differences were relevant to the fees actually incurred, or that the total amount of fees would have been smaller had this case been litigated in Sweden. Shuck also noted in general terms that attorneys' fees awarded by Swedish courts tend to be moderate when compared to U.S. cases, and that she was not aware of any Swedish court case where a party was awarded attorneys' fees of this magnitude. Shuck Decl. ¶ 19. This leads to her conclusion that a Swedish court would be reluctant to grant this request. *Id.* However, her evidence is less useful because she only speaks in general terms, does not appear to have actually examined the details of the fee request, nor does she actually conclude whether or not the fee request is reasonable. In addition, her points on Swedish law were persuasively refuted by Boeing's Swedish law expert Fredrik Forssman. He stated that while Sweden does not have the same manner of discovery known to U.S. practitioners, the Swedish Code of Judicial Procedure does permit the Court to issue evidentiary orders to opposing or third parties to produce evidence which can be quite large. Forssman Decl. ¶ 12, Dkt. No. 1001. He specifically noted that in a case such as this evidentiary requests would be filed and granted and

would lead to "a great deal of documentary evidence provided to either side . . . ." *Id.* He also stated in his declaration that "in comprehensive and complex cases with substantial monetary claims, it is not in any respect unusual that attorneys' fees amount to several million USD." *Id.* ¶ 13. Forssman also disagreed with Shuck's assertion that Swedish Courts often reject or adjust requests for attorneys' fees. *Id.* ¶ 14. He stated that to his knowledge a Swedish court has never rejected a prevailing party's request for attorneys' fees, and that even in the rare cases that a Swedish court would adjust the amount granted, it would only be for a specific reason outlined in the Swedish Code of Judicial Procedure. *Id.* Boeing pointed out that Defendants were awarded over $1.5 million in attorneys' fees under the same provision of the Swedish Code of Judicial Procedure for the parties' Swedish arbitration that had one short hearing and did not lead to a verdict. Fees Reply at 7. Based on the parties own history in Sweden, the more specific and detailed nature of Forssman's declaration, and the extensive litigation costs specifically because of Defendants' actions, the Court finds that the request for $9,686,251.06 is reasonable and in line with what a Swedish court would grant in this case.

The only ground identified by Defendants to deny the fee request in Swedish law is that Boeing did not comply with the timing requirements under the Swedish Code of Judicial Procedures. Fees Opp'n at 1. Swedish law requires that a request for attorneys' fees be presented before the termination of the lawsuit. Shuck Decl. ¶ 16 (citing Swedish Code of Judicial Procedure 18:14). By contrast, Rule 54 requires a party to file a motion seeking attorneys' fees within 14 days of the judgment. The Court is uncertain how the timing requirement of the Swedish Code of Judicial Procedure would apply to the current procedural posture of this case, but it is irrelevant because the procedures for requesting attorneys' fees in a Swedish court are not applicable to the Fees Motion. Even in a diversity case where the district court applies the fee-shifting laws of the state where it is located, "the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). This rule must apply equally to federal question cases, particularly when there is a Federal Rule of Civil Procedure that is directly on point. It also comports with how the Restatement applies procedural rules. Restatement §122 ("A court usually applies its

own local law rules prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case."). Boeing's failure to follow the timing requirements of the Swedish Code of Judicial Procedure that contradict the Federal Rules of Civil Procedure is thus irrelevant.

Although not addressed by any party, subsequent to the filing of the Fees Motion Energia settled with Boeing, leaving Yuzhnoye as the only remaining defendant. Boeing must therefore submit additional briefing and/or documentation to clarify what portion of the $9,686,251.06 it seeks solely from Yuzhnoye.

### B. Boeing's Motion to Register the Judgment

Boeing asks the Court for permission to register the judgment under 28 U.S.C. § 1963. Pls.' Mot. to Register the J., Dkt. No. 971. Energia opposed, Dkt. No. 984, Yuzhnoye joined in opposition, Dkt. No. 985, and Boeing replied, Dkt. No. 1002. 28 U.S.C. § 1963 permits a party to register a judgment when it has become final or "when ordered by the court that entered the judgment for good cause shown." "Good cause" is not a term defined by statute, and the Ninth Circuit has observed that "there is no Ninth Circuit law defining 'good cause.'" *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001). While Boeing did identify assets of Energia in this district, it conceded that it has "not yet located any assets of Yuzhnoye in California." McKeever Decl. ¶¶ 2–4, Dkt. No. 972. In this Motion Boeing has not identified any facts or reasons related to Yuzhnoye that would constitute good cause to register the judgment.

Boeing's Motion to Register the Judgment is therefore **DENIED**.

### C. Yuzhnoye's Motion to Amend or Alter the Judgment

Energia filed a motion to alter or amend the judgment under Rule 59. Defs.' Mot. to Alter or Amend the J. Pursuant to Federal Rule of Civil Procedure 59(e), Dkt. Nos. 989, 999 ("Motion to Amend"). Boeing opposed the motion, Dkt. Nos. 1010, 1011, and Energia replied, Dkt. Nos. 1012, 1025. Energia filed two requests for judicial notice.[2] Dkt. Nos. 990, 1013.

---

[2] Defendants' Requests for Judicial Notice are **GRANTED**.

Yuzhnoye joined Energia's motion, Dkt. No. 993, reply, Dkt. No. 1016, and requests for judicial notice, Dkt. Nos. 994, 1017.

Briefly, Energia brought the Motion Amend because it believed that the Court's summary judgment opinion ignored the impact of Kvaerner, a former party to this litigation, and its separate settlements with both Energia and Boeing. Energia argued that the amount it owed to Boeing must be reduced by the amount that Kvaerner paid Boeing, because that payment was made on behalf of Energia. *See* Dkt. No. 989–1.

Regardless of whether or not Energia is correct, is has since settled with Boeing and is no longer a party in this case. The Court also found Energia and Yuzhnoye were separately liable for specific amounts. Amending the Court's previous judgment to reduce the liability of Energia will therefore not impact the liability of Yuzhnoye. This is further shown in the motion itself which specifically cites paragraph 1-a of the Court's Judgment, a paragraph which expressly applies to Energia and not Yuzhnoye. Mot. to Amend at 3 (citing Dkt. No. 960 at ¶ 1-a). A motion to alter or amend a judgment under Rule 59 is properly denied when its resolution could not impact the rights or liabilities of any party. *Cf. Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987) (noting that a court should deny a motion under Rule 59 unless the new evidence was "of such magnitude that production of it earlier would have been likely to change the disposition of the case."). Yuzhnoye has not provided any argument for how it could benefit from this Motion.

Because the motion will not impact Yuzhnoye, its Motion to Amend is **DENIED**.

//
//
//
//
//
//
//
//

## IV. CONCLUSION

The Fees Motion is **GRANTED** as to the applicability of Swedish law, Boeing's entitlement to fees under Swedish law, and that the total amount requested of $9,686,251.06 was reasonable under Swedish law. Boeing may submit additional briefing and/or documentation within two weeks from the receipt of this order delineating what portion of the $9,686,251.06 it still seeks from Yuzhnoye. Yuzhnoye will then have two weeks to file any opposition.

Boeing's motion to register the judgment is **DENIED**.

Yuzhnoye's motion to amend or alter the judgment is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 6, 2018

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE