# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE BOEING COMPANY and BOEING COMMERCIAL SPACE COMPANY,** <br><br> Plaintiffs, <br><br> vs. <br><br> **KB YUZHNOYE and PO YUZHNOYE MASHINOSTROITELNY ZAVOD,** <br><br> Defendants. | Case No. CV 13-00730-AB (AJWx) <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES [DKT. NO. 966]** |

Pending before the Court are Plaintiffs The Boeing Company and Boeing Commercial Space Company's (collectively "Boeing") Motion for Costs and Attorneys' Fees. (Dkt. No. 966.) Boeing prevailed on its claims for breach of two contracts, the Creation Agreement, and the Guaranty and Security Agreement, against two sets of defendants, Energia D/B/A Rocket and Space Corporation Energia After S.P. ("Energia"), and KB Yuzhnoye and PO Yuzhnoye Mashinostroitelny Zavod's (collectively "Yuzhnoye"). The Court has twice directed the parties to provide supplemental briefing on the issue of attorneys' fees, in part because during the pendency of the Motion Boeing settled with Energia, but not with Yuzhnoye. (Dkt. Nos. 1088, 1110.)

### I. Background

In its first Order on attorneys' fees the Court concluded that the total amount of attorneys' fees requested by Boeing was reasonable and that Boeing was entitled to attorneys' fees for Yuzhnoye's breach of the Creation Agreement under the applicable Swedish law. (Dkt. No. 1088 at 4–9.) In its second Order the Court concluded that due to Boeing's settlement with Energia, Yuzhnoye was liable for Boeing's attorneys' fees related to the Creation Agreement for both work related solely to Yuzhnoye, and to a share of Boeing's incurred attorneys' fees for work that was jointly attributable to Yuzhnoye and Energia. However, Yuzhnoye was not required to pay Boeing's attorneys' fees for work that related solely to Energia, or Energia's share of the joint work. (Dkt. 1110.) The Court asked for briefing on (1) how the Court should determine Yuzhnoye's liability under the Creation Agreement (and therefore under Swedish law) for overlapping expenses that were attributable to both Yuzhnoye and Energia, and (2) Yuzhnoye's liability under the Guaranty and Security Agreement or English law for attorneys' fees incurring by Boeing prosecuting that claim against Energia. (*Id.* at 3 n.1, 5 n.2.) Boeing has now provided its Response explaining the fees it believes it is entitled to recover from Yuzhnoye, (Dkt. No. 1112), Yuzhnoye has filed an Opposition, (Dkt. No. 1113), and Boeing filed its Reply (Dkt. No. 1114.)

## II. Attorneys' Fees under the Creation Agreement

In its Response Boeing categorized its work into the three categories identified by the Court under Swedish law (attorneys' fees solely related to Yuzhnoye, solely related to Energia, and jointly attributable to both), argued that Yuzhnoye is liable for 40% of the fees that are jointly attributable to both Energia and Yuzhnoye, and concluded that it is therefore entitled to $2,837,648.97 in attorneys' fees from Yuzhnoye. (Resp. at 8–10.) Boeing argued that Yuzhnoye should be liable for 50% of the joint expenses, but only asked for 40% "in an effort to avoid an objection." (Resp. at 8.) Boeing also argued that even under Yuzhnoye's proposed framework of liability following ownership percentages, because Energia and Yuzhnoye owned 40% (25% + 15%) of the venture and were responsible for 100% of the liability, then Yuzhnoye should have to pay 15/40 of the total liability, which is coincidentally 40%. (Resp. at 9.) Yuzhnoye did not assert that Boeing's incorrectly categorized any item in its request, nor did Yuzhnoye identify an alternative percentage that it believed it should pay for the joint work. Yuzhnoye again suggested that it should only be liable for 15% of all of Boeing's attorneys' fees because that was its ownership share in the underlying venture. (Opp'n at 3.) Yuzhnoye also suggested that the 40% number is flawed because Boeing simply added Energia's 25% ownership stake to Yuzhnoye's 15% ownership stake to conclude that Yuzhnoye was liable for 40%. (*Id.* at 2.) Yuzhnoye's interpretation of how Boeing arrived at 40% is simply inaccurate, and its continued argument that it only pay 15% of all of Boeing's fees entirely ignored the Court's request that its briefing address how to determine Yuzhnoye's liability for "overlapping expenses related to both Yuzhnoye and Energia." (Dkt. No. 1110 at 4 n.2.) Based on its experience with the parties and this case, the very substantial amount of work that Yuzhnoye and Energia's often identical or joint litigation strategies required from Boeing, and the relevant provisions of Swedish law, the Court finds it reasonable for Yuzhnoye to pay 40% of Boeing's attorneys' fees for expenses related to the breach of the Creation Agreement that were jointly attributable to Yuzhnoye and Energia.

**III. Attorneys' Fees under the Guaranty and Security Agreement**

The other issue the Court suggested Boeing brief was Yuzhnoye's liability for attorneys' fees Boeing incurred prosecuting Energia for its breach the Guaranty and Security Agreement. While very similar to the issue addressed above, there are two important distinctions between the Creation Agreement and the Guaranty and Security Agreement. First, while there was a single Creation Agreement that all parties signed, Yuzhnoye and Energia actually signed separate (but largely identical) Guaranty and Security Agreements with Boeing. This means that Yuzhnoye and Energia breached the same Creation Agreement, but they technically breached separate Guaranty and Security Agreements. Second, the Creation Agreement was governed by Swedish law, while the Guaranty and Security Agreement was governed by English law and also contained an express provision providing for attorneys' fees. Because Boeing insisted that Yuzhnoye was liable for all of its attorneys' fees the Court suggested that Boeing explain Yuzhnoye's liability for attorneys' fees Boeing spent prosecuting an entirely different defendant for breach of a technically different contract, especially after Boeing settles with that defendant. (Dkt. 1110 at 3 n.1.)

Boeing did not expressly address the Court's question. Boeing noted that there was no dispute that it was entitled to its attorneys' fees under the Guaranty and Security Agreement's attorneys' fee provisions and the English law's general rules for attorneys' fees, (Resp. at 6–8), but that did not address why, for example, Yuzhnoye would be liable for Boeing's attorneys' fees related to a deposition of an Energia witness. However, Boeing's actual request categorized all of its incurred attorneys' fees as would be required under Swedish law, regardless of whether the work was related to the Creation Agreement or the Guaranty and Security Agreement. By treating the agreements the same Boeing was implicitly suggesting that Swedish law is sufficiently similar to English law on the issue of settling a defendant. For its part Yuzhnoye makes no mention of English law or the Guaranty and Security Agreement in its brief page and a half Opposition, despite the issue being specifically noted by the Court. (Docket No. 1110 at 3 n.1.) Yuzhnoye therefore waived any objection related to differences between Swedish law and English law.

### IV. Conclusion

For the foregoing reasons the Motion is **GRANTED** and Boeing is awarded $2,837,648.97 in attorneys' fees from Yuzhnoye for Yuzhnoye's breach of the Creation Agreement and the Guaranty and Security Agreement.

**IT IS SO ORDERED.**

DATED: August 01, 2018

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE